[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from a judgment entered by the Ottawa County Court of Common Pleas, which following his entry of pleas of guilty, sentenced appellant, Ronald J. Cantu, to ten months on one count of breaking and entering and to six months on one count of receiving stolen property in case number 96-CR-150 and to five years on one count of engaging in a pattern of corrupt activity in case number 97-CR-013,[1] all sentences to run concurrently. These charges stemmed from criminal activities over a period of one year in which appellant and at least two other individuals were involved. Appellant sets forth the following assignments of error:
"STATEMENTS OF ASSIGNMENTS OF ERROR
 "I. THE TRIAL COURT ERRED, IN SENTENCING DEFENDANT-APPELLANT TO A TERM OF IMPRISONMENT FOR THE OFFENSE OF BREAKING AND ENTERING, A FELONY OF THE FIFTH DEGREE, SINCE THERE IS INSUFFICIENT FACTUAL BASIS FOR IMPOSING A PRISON TERM, AND SINCE THE COURT DID NOT COMPLY WITH THE REQUIREMENTS SET FORTH IN R.C. 2929.13.
 "II. THE TRIAL COURT ERRED, IN IMPOSING A TERM OF IMPRISONMENT FOR THE OFFENSE OF ENGAGING IN A PATTERN OF CORRUPT ACTIVITY, SINCE THE COURT DID NOT PROPERLY APPLY THE FACTORS SET FORTH IN R.C. 2929.12."
This court will address both assignments of error together as they concern a common issue. In both assignments of error, appellant argues, in sentencing him, the trial court failed to abide by the sentencing guidelines in R.C. 2929.01 et seq. Specifically, appellant argues that the trial court did not follow the purpose of felony sentencing as set out in R.C. 2929.11, or address the factors cited in R.C. 2929.12 or 2929.13. This court finds no merit in either assignment of error.
Under R.C. 2929.13(B)(1), a trial court sentencing an offender under a fourth or fifth degree felony shall determine whether any of eight factors set forth in subsections (a) through (h) of that section apply. If the trial court: (1) finds that any of the factors apply; (2) considers the R.C. 2929.12 seriousness and recidivism factors; (3) finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C.2929.11; and (4) finds that the offender is "not amenable to an available community control sanction," the court "shall impose a prison term upon the offender." See R.C.2929.13(B)(2)(a).
At the sentencing hearing, the trial court reviewed the factors relevant to felony sentencing. Specifically, under R.C.2929.12(D), the trial court found that appellant was likely to repeat the offenses or would be subject to recidivism. Under R.C.2929.13(B)(1)(e), the trial court also found that appellant committed the offenses as part of an organized criminal activity and that appellant was not amenable to community control. The trial court's findings are amply supported by the prosecutor's statement and the pre-sentence report. Accordingly, appellant was eligible for a prison term based on the trial court's express findings that one of the criteria applied and that appellant, as a likely recidivist, was not amenable to a community-control sanction. See 1 Anderson's Ohio Criminal Practice Procedure (1996 Supp.), Senate Bill 2 Outline, Sections V and VII. Although the trial court did state its reasons for imposing the sentence, R.C. 2929.13(B)(2) does not require the trial court to verbalize its reasons for imposing a prison term, if its reasons are given by other means in the record. State v. Phillips (June 18, 1997), Hamilton App. No. B-9606134, unreported. R.C. 2929.12(A) gives the trial court discretion to determine the most effective way to comply with the purposes and principles of sentencing.
Having reviewed the record pursuant to R.C. 2953.08(G), this court does not find the clear and convincing evidence necessary either to vacate the sentence and remand this case for re-sentencing, or to reduce or otherwise modify the sentence. Appellant's assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________________ Peter M. Handwork, P.J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.
[1] This court consolidated the appeals from these two cases on October 21, 1997 because the cases involve common questions of law and fact. In 96-CR-150, appellant was indicted on two counts of breaking and entering and one count of receiving stolen property. In case number 97-CR-013, appellant was indicted on four counts of breaking and entering, four counts of theft and one count of engaging in a pattern of corrupt activity.